UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**ERRON LEWIS**                                             **CIVIL ACTION**


**VERSUS**                                                     **NO: 25-2207**


**U.S. DEPARTMENT OF HOUSING**                  **SECTION "H"**
**AND URBAN DEVELOPMENT, ET AL.**


### ORDER AND REASONS

Before the Court is Defendant U.S. Department of the Treasury's Motion to Dismiss (Doc. 16).  For the following reasons, the Motion is **GRANTED**.


### BACKGROUND

Plaintiff has brought this action against the United States Department of the Treasury ("the Treasury Department"), the United States Department of Housing and Urban Development ("HUD"), and Bank of America, N.A. arising out of alleged unlawful garnishment and collection efforts of an unpaid subordinate mortgage. Plaintiff alleges that after paying off a mortgage in full, he received a demand notice for $47,006.54 from HUD for an unpaid subordinate mortgage. He alleges that, without proper notice or administrative hearing, the Treasury Department began garnishing his wages, deducting $1,000.00 monthly with 3% interest. Relevant here, Plaintiff alleges that the Treasury Department "acted arbitrarily, capriciously, and contrary to law by

1

initiating collection and offset without proper verification, notice, or hearing in violation of Administrative Procedure Act (5 U.S.C. § 706) as well as Violation of due process under the 14th Amendment of the United States Constitution."[1] Plaintiff seeks declaratory and injunctive relief preventing the Treasury Department from continuing its garnishment and collection activities against him.

The Treasury Department has filed the instant Motion to Dismiss, arguing that it is an improper party to this action because it has no authority to take or cease debt collection action absent certification from the referring creditor agency. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the

---

[1] Doc. 5.

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[5] *Iqbal*, 556 U.S. at 678.

plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

Plaintiff seeks to bring claims against the Treasury Department arising out of its collection efforts. Specifically, in addition to disputing the underlying debt, he complains that the Treasury Department "began deducting $1,000 per month from his income without providing proper notice or an opportunity for a pre-deprivation hearing."[9] The Treasury Department argues that Plaintiff cannot succeed on his claims against it because its role in the collection process is mandatory and non-discretionary.

If internal collection efforts fail, federal agencies that are owed nontax debts that are past due are generally required to notify the Treasury Department of those debts after a certain amount of time for collection.[10] Pursuant to 31 C.F.R. § 285.5, "the creditor agency must certify that the debt is eligible for collection by offset," including that the debtor has received notice and an opportunity to be heard, before notifying the Treasury Department of

---

[6] *Id.*

[7] *Lormand*, 565 F.3d at 255–57.

[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[9] Doc. 50.

[10] 31 C.F.R. § 285.5; 31 U.S.C. § 3716.

a debt for purposes of collection.[11] Further, pursuant to 31 CFR § 285.11, it is also the agency's responsibility to provide the debtor with notice and an opportunity to be heard before initiating garnishment proceedings. Once a debt is referred to the Treasury Department, it administers collection mechanisms based on the creditor agency's certification, including offsets and administrative wage garnishments.[12] The Fifth Circuit has described the Treasury Department's role in the collection of debts as "purely ministerial."[13]

In light of the foregoing, the Treasury Department has no role in determining whether a debt is owed and enforceable or providing a debtor with notice of a debt or an opportunity to contest it. Courts have held that the proper party to raise these issues is the agency to which the debtor owes the debt, not the Treasury Department.[14] "Further, it is the creditor agency, not the disbursing agency, that is required to ensure that the debtor receives due process under the law."[15] Plaintiff has not presented this Court with any case in which a plaintiff is permitted to proceed with a claim against the Treasury Department arising out of its collection practices. Accordingly, Plaintiff did not, and indeed cannot, state a claim against the Treasury Department arising out of the validity of the debt at issue or due process issues related to its collection.

---

[11] *See also* 31 CFR § 285.12(i) ("Before a debt may be transferred to Fiscal Service or another debt collection center, the head of the creditor agency or his or her delegate must certify, in writing, that the debts being transferred are valid, legally enforceable, and that there are no legal bars to collection. Creditor agencies must also certify that they have complied with all prerequisites to a particular collection action under the laws, regulations or policies applicable to the debt.").

[12] 31 U.S.C. §§ 3711, 3716, 3720D.

[13] Chambers v. Kijakazi, 86 F.4th 1102, 1107 (5th Cir. 2023).

[14] *Id.* at *3.

[15] Johnson v. U.S. Dep't of Treasury, 300 F. App'x 860, 862–63 (11th Cir. 2008).

"Because relief against [the] Treasury would be improper in this case," Plaintiff's claims against it are dismissed.[16]

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff's claims against the Treasury Department are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 16th day of June, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[16] *Id.* at 863.