**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ERRON LEWIS** **CIVIL ACTION**

**VERSUS** **NO: 25-2207**

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, ET AL.** **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant U.S. Department of Housing and Urban Development's Motion for Summary Judgment (Doc. 16). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff brought this action against the United States Department of the Treasury ("the Treasury Department"), the United States Department of Housing and Urban Development ("HUD"), and Bank of America, N.A. arising out of alleged unlawful garnishment and collection efforts of an unpaid subordinate mortgage.[1] Plaintiff alleges that after paying off a mortgage in full, he received a demand notice for $47,006.54 from HUD for an unpaid subordinate mortgage. Plaintiff believes that this amount was satisfied when

[1] This Court previously granted the United States Department of the Treasury's Motion to Dismiss the claims against it. (Doc. 28).

he paid his mortgage in full.[2] He alleges that, without proper notice or administrative hearing, the Treasury Department began garnishing his wages, deducting $1,000.00 monthly with 3% interest. Relevant here, Plaintiff alleges that HUD "acted arbitrarily, capriciously, and contrary to law by initiating collection and offset without proper verification, notice, or hearing in violation of Administrative Procedure Act (5 U.S.C. § 706) as well as Violation of due process under the 14th Amendment of the United States Constitution."[3] Plaintiff seeks a declaratory judgment that his debt to HUD was previously satisfied and extinguished.

HUD moves for summary judgment on the claims against it, arguing that Plaintiff failed to exhaust administrative remedies and receive a final agency action. Plaintiff opposes.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

---

[2] Although this Court does not reach the merits of Plaintiff's case, he has not presented any evidence, besides his subjective belief, supporting a finding that the payment of his mortgage also satisfied the subordinate loan held by HUD.

[3] Doc. 5.

[4] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[9] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

---

[6] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

[7] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[9] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

HUD argues that Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies or receive a final agency decision on whether his debt is owed. By its terms, the APA provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."[12] It is well-settled that "[j]udicial relief is not normally available for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."[13] Accordingly, when the judicial review sought is "under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'"[14]

HUD regulations give a debtor the "right to a review of the case and to present evidence that all or part of the debt is not past due or not legally enforceable."[15] Indeed, Plaintiff received notice from HUD of his right to contest that he owed the debt prior to the Treasury Department's collection efforts.[16] Pursuant to HUD regulations, after a debtor contests the debt, a decision as to whether the debt is owed is made by an administrative judge.[17] The administrative judge's decision "is the final agency decision with respect to the past due status and enforceability of the debt."[18] Plaintiff did not go

[12] 5 U.S.C. § 704.

[13] Lewis v. Reagan, 660 F.2d 124, 127 (5th Cir. 1981).

[14] Fort Bend Cnty. v. United States Army Corps of Eng'rs, 59 F.4th 180, 189 (5th Cir. 2023).

[15] 24 C.F.R. § 17.69.

[16] Doc. 25-4.

[17] 24 C.F.R. § 17.73

[18] *Id.*

through this process and did not receive a final agency action on whether his debt is owed.

Indeed, Plaintiff does not contend that he exhausted administrative remedies or that he seeks review of a final agency action. Rather, Plaintiff cites a single district court case to support his argument that he need not comply with these requirements before seeking judicial review. Plaintiff contends that *United States v. Gomiller* stands for the proposition that a borrower does not waive relief despite failing to pursue administrative procedures "where government actions effectively discouraged further inquiry."[19] In fact, in *Gomillier* the United States sought judicial foreclosure of a real estate deed of trust on the defendant's residence, and the defendant opposed, arguing that "she was not given proper notice of the availability of moratorium relief to suspend her payment obligation."[20] The court, therefore, considered whether the defendant had waived her statutory, procedural "right to seek moratorium relief by not making written application" under the Housing Act of 1949.[21] *Gomillier* did not involve a claim under the APA, judicial review of an agency action, or the exhaustion of administrative remedies. Accordingly, it is wholly inapplicable to the issue before this Court. Plaintiff has not cited to any other law excusing him from the APA requirement to exhaust administrative remedies and receive a final agency action.[22] Because Plaintiff has failed to

---

[19] Doc. 29 (discussing United States v. Gomiller, 545 F. Supp. 17, 22 (N.D. Miss. 1981)).

[20] *Gomiller,* 545 F. Supp. at 22–23.

[21] *Id.*

[22] Plaintiff vaguely argues that pursing administrative procedures would have been futile and therefore his failure to pursue them should be excused, but he does not cite any law—except *Gomillier*, 545 F. Supp. at 22—in support of this argument. Even so, the futility exception to the exhaustion of administrative remedies "applies when exhaustion would be

exhaust administrative remedies or obtain a final agency action, this matter is premature.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is **GRANTED**, and Plaintiff's claims against HUD are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana this 27th day of August, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

clearly useless and it is certain [a] claim will be denied." All. for Hippocratic Med. v. Food & Drug Admin., No. 23-10362, 2023 WL 2913725, at *16 (5th Cir. 2023) (citation modified). Plaintiff has not made this showing.